UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80678-CIV-RYSKAMP/VITUNAC

STUCK IN THE THROAT MUSIC, ET AL.,

    Plaintiffs,

v.

MASTERPIECE CLUBS, INC.,
NORMAN COSTELLO and
CATHERINE DEGREGORIO,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court pursuant to Plaintiffs' Motion for Entry of Final Default Judgment against Masterpiece Clubs, Inc. ("Masterpiece Clubs"), filed May 30, 2008 **[DE 13]**.  Masterpiece Clubs did not respond to this motion.  This motion is ripe for adjudication.

### I.    BACKGROUND

This is a copyright infringement action involving the unauthorized public performance of copyrighted musical compositions.  Plaintiffs are copyright owners and members of the American Society of Composers, Authors and Publishers ("ASCAP").  Defendant Masterpiece Clubs is a Florida corporation that owns, controls, manages, operates and maintains a place of business for public entertainment, accommodation, amusement and refreshment known as "Kashmir," located at 1651 S. Congress Ave in West Palm Beach, Florida.  Defendants Norman

2

Costello and Catherine DeGregorio are the President and Vice President of Masterpiece Clubs.

Defendants have repeatedly performed copyrighted music without permission, including the performances of five copyrighted musical compositions on the night of October 27-28, 2006. Defendants have not sought or obtained a license agreement from ASCAP despite numerous letters and other contacts by ASCAP representatives informing Defendants of the requirements of United States copyright law.

Plaintiffs request that Masterpiece Clubs and all persons acting under its direction, control, permission or authority be enjoined and restrained permanently from publicly performing the aforementioned compositions and from causing or permitting the compositions to be publicly performed and Masterpiece Club's said premises, or in any place owned, controlled or conducted by Masterpiece Clubs, and from aiding or abetting the public performance of such compositions in any such place or otherwise. Plaintiffs request an award of statutory damages pursuant to 17 U.S.C. § 504(c)(1).

## II.  DEFAULT JUDGMENT

Defendants Norman Costello and Catherine DeGregorio have not been served. Defendant Masterpiece Clubs has been served, but has never disputed Plaintiffs' claims, responded to the Complaint, or appeared in this action. Accordingly, the Court entered a default against Masterpiece Clubs on January 25, 2008.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P.

55(a).  By defaulting, the Defendant is held to admit well-pleaded facts; the Court may enter default judgment if the unchallenged facts constitute a legitimate cause of action.  Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Banks, 515 F.2d 1200, 1206 (5th Cir. 1975).

To establish copyright infringement for musical compositions, a plaintiff must demonstrate five elements:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly [by the defendant]; and (5) that the defendant had not received permission from any of the plaintiffs or their representatives for such performance.

Major Bob Music v. Stubbs, 851 F. Supp. 475, 479 (S.D. Ga. 1994).  The Court has reviewed the Complaint and finds that Plaintiffs have properly pled all of these elements and are entitled to default judgment.

### III.   INJUNCTIVE RELIEF

The Copyright Act, 17 U.S.C. § 502(a), provides for the entry of injunctive relief:

> Any court having jurisdiction of any civil action arising under this title may... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of the copyright.

The attached Jones Declaration demonstrates that Masterpiece Clubs continued such performances without a license and in violation of the Copyright Act before suit was filed. Plaintiffs are therefore entitled to injunctive relief.

**IV.     STATUTORY DAMAGES**

Plaintiffs are also seek statutory damages to compensate them for the violation of their property rights and to deter Masterpiece Clubs from future acts of infringement. The Copyright Act, 17 U.S.C. § 504(c)(1), provides in pertinent part:

> [T]he copyright owner may elect... to recover, instead of actual damages and profits, an award of statutory damages... in a sum of not less than $750 or more than $30,000 as the court considers just.

Factors to be considered in setting the amount of statutory damages include "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind, whether willful, knowing, or merely innocent." Boz Scaggs Music v. KND Corp., 491 F. Supp. 908, 914 (D. Conn. 1980). The aim in awarding statutory damages is not merely to compensate the plaintiff for his injury but also to discourage wrongful conduct. F.W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 233, 73 S.Ct. 222, 225 (1952). Courts often ensure that statutory damages exceed the unpaid license fees to give an incentive to obey copyright laws. Music City Music v. Alpha Foods, Ltd., 616 F. Supp. 1001, 1003 (E.D. Va. 1985); Rogers v. Eighty Four Lumber Co., 623 F. Supp. 889, 892 (W.D. Pa. 1985).

Masterpiece Clubs persistently refused to obtain a license despite repeated reminders that the unauthorized public performance of copyrighted songs constitutes copyright infringement. The Jones Declaration shows that if Kashmir had been properly licensed and paying fees, Masterpiece Clubs would have paid approximately $14,202.88 in license fees. The Jones

Declaration also shows that ASCAP incurred expenses of $473.09 in obtaining evidence of the infringing conduct. Plaintiffs request an award of statutory damages in the amount of $40,000, representing $8,000 per infringement for each of the five infringements in this action. The Court finds that this amount is reasonable and awards same.

### V.     ATTORNEYS' FEES AND COSTS

Plaintiffs seek an award of attorneys' fees and costs. 17 U.S.C. § 505 allows "the court in its discretion [to] allow the recovery of full costs by or against any party other than the United States or an officer thereof." "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Id. Plaintiffs incurred a total of approximately $5,544 in attorneys' fees and $760.88 in costs in prosecuting this action.

Masterpiece Clubs has repeatedly refused to obtain a license, knowingly infringed the copyright and then refused to participate in this action. Plaintiffs have submitted an affidavit from counsel that demonstrates counsel's experience in copyright litigation in Florida and affirms the hours spent on this matter. The affidavit indicates that many of the tasks performed in this litigation were assigned to a lower billing attorney. The affidavit likewise indicates that Plaintiffs' counsel spent a reasonable amount of time on each piece of this litigation. The record of costs also indicates a reasonable amount of costs incurred for a case of this duration.

### VI.    CONCLUSION

THE COURT, having reviewed the pertinent portions of the record and being otherwise fully advised, hereby

6

ORDERS AND ADJUDGES that Plaintiffs' Motion for Entry of Final Default Judgment against Defendant Masterpiece Clubs, Inc., filed May 30, 2008 **[DE 13]**, is GRANTED.  The Court shall enter final judgment by separate order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 1st day of July, 2008.


S/Kenneth L. Ryskamp

KENNETH L. RYSKAMP

UNITED STATES DISTRICT JUDGE